```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                         :
MORRIS OKUN, INC.,                       :
                    Plaintiff,           :
                                         :       08 Civ. 7715 (DLC)
        -v-                              :
                                         :       MEMORANDUM OPINION
VINCE'S FARMERS MARKET d/b/a V'S ALL     :            & ORDER
COUNTRY PRODUCE, ANTHONY VALORANI,       :
individually and in any corporate        :
capacity, GLEN PUZINO, individually and  :
in any corporate capacity,               :
                                         :
                    Defendants.          :
----------------------------------------X
```

DENISE COTE, District Judge:

Plaintiff has filed a motion for summary judgment against defendants. Plaintiff asserts that defendants are liable to plaintiff in the amount of $63,449.00, plus pre- and post-judgment interest, as well as for plaintiff's attorney's fees.

The following facts are undisputed unless otherwise noted. Plaintiff Morris Okun, Inc. ("Morris Okun") is engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities ("produce") in interstate commerce, and defendant Vince's Farmers Market d/b/a V's All Country Produce ("Vince's") is one of Morris Okun's customers. Defendant Puzino is the owner and sole shareholder of Vince's.

Vince's operates under a Perishable Agricultural Commodities Act ("PACA") license issued by the United States Department of Agriculture. PACA provides, inter alia, that

> [p]erishable agricultural commodities received by a
> commission merchant, dealer, or broker in all
> transactions, and all inventories of food or other
> products derived from perishable agricultural
> commodities, and any receivables or proceeds from the
> sale of such commodities or products, shall be held by
> such commission merchant, dealer, or broker in trust
> for the benefit of all unpaid suppliers or sellers of
> such commodities or agents involved in the
> transaction, until full payment of the sums owing in
> connection with such transactions has been received by
> such unpaid suppliers, sellers, or agents.

7 U.S.C. § 499e(c).

From March 28, 2008 to April 16, 2008, Vince's purchased $63,449.00 worth of produce from Morris Okun.  The invoices for this produce preserve Morris Okun's rights in the PACA Trust created by 7 U.S.C. § 499e(c).  The invoices also provide that past due accounts will incur interest at the rate of 1.25% per month, and that in the event of legal action to enforce the trust, Morris Okun will seek reasonable attorney's fees and costs.  Morris Okun has not received payment for the amounts due reflected in the invoices.

Morris Okun alleges that defendant Valorani was Vice President of Vince's, and that in a letter dated August 4, 2008 (signed by Valorani as "Vice President" for Vince's), Valorani personally guaranteed payment to Morris Okun of the unpaid invoices.  Valorani states that he is an employee of Vince's, and that he is not (and never has been) Vince's Vice President.  He states that the signature on that letter is not his.  Morris

2

Okun's Accounts Receivable Manager asserts that she had a conversation with Valorani about the unpaid invoices, in which he represented that he had authority to execute a guaranty on behalf of Vince's, and that shortly thereafter she received the August 4, 2008 letter via fax directly from Vince's office as indicated on the fax cover sheet.

Defendants do not oppose Morris Okun's motion for summary judgment as against Vince's and Puzino, and therefore summary judgment is granted to plaintiff against those defendants. Defendants only oppose entering summary judgment against defendant Valorani, asserting that there are disputed issues of material fact as to whether he was Vice President and as to whether he signed the August 4, 2008 guarantee.

Summary judgment may not be granted unless all of the submissions taken together "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The moving party bears the burden of demonstrating the absence of a material factual question, and in making this determination the court must view all facts in the light most favorable to the non-moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Sista v. CDC Ixis N. Amer., Inc., 445 F.3d 161, 169 (2d Cir. 2006).  When the moving party has asserted facts showing

3

that the non-movant's claims cannot be sustained, the opposing party must "set forth specific facts showing that there is a genuine issue for trial," and cannot rest on the "mere allegations or denials" of the movant's pleadings.  Fed. R. Civ. P. 56(e); accord Sista, 445 F.3d at 169.

   Defendants have established that there is a genuine issue of material fact precluding the entry of summary judgment against Valorani.  First, there is a genuine issue as to whether Valorani is Vice-President of Vince's.  Plaintiff contends that even if Valorani is not in fact an officer of Vince's, summary judgment is still appropriate because he guaranteed payment of the unpaid invoices.  There is also a genuine dispute, however, as to whether Valorani in fact signed the August 4, 2008 guaranty of payment.  Morris Okun cites Tai-Sun Plastic Novelties, Ltd. v. Haschel Export Corp., No. 03 Civ. 1414(MP), 2003 WL 22966285, at *3 (S.D.N.Y. 2003), for the proposition that this Court should "consider the fact that the letter is on Defendant's letterhead and was sent from its fax machine," in finding the allegation of forgery insufficient to raise an issue of material fact.  In the instant case, however, the issue is not simply whether the fax came from Vince's, but whether Valorani in particular guaranteed Vince's payment.  On this issue, the fact that the fax cover sheet indicates that the fax

4

came from Vince's is not sufficient to compel the conclusion that Valorani signed the guaranty.[1]  Accordingly, it is hereby

ORDERED that plaintiff's January 30, 2009 motion for summary judgment is granted as to defendants Vince's and Puzino, and the motion is denied as to defendant Valorani.

IT IS FURTHER ORDERED that the Joint Pretrial Order in this case must be filed by April 24, 2009.

SO ORDERED:

Dated:   New York, New York
         March 3, 2009

_____
DENISE COTE
United States District Judge

---

[1] Morris Okun also argues that summary judgment should be granted against Valorani because defendants failed to submit a Local Rule 56.1 statement.  While it is true that the Second Circuit permits a district court to grant summary judgment to a movant on the basis of its uncontroverted 56.1 statement, see Millus v. D'Angelo, 224 F.3d 137, 138 (2d Cir. 2000), a district court has "broad discretion to determine whether to overlook a party's failure to comply with local court rules" and "may in its discretion opt to conduct an assiduous review of the record even where one of the parties has failed to file such a statement." Holtz v. Rockefeller & Co., Inc., 258 F.3d 62, 73 (2d Cir. 2001) (citation omitted).  Thus, despite defendants' failure to file a 56.1 statement, this Court exercises its discretion to consider Valorani's declaration in which he denies signing the guaranty.

5